UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL FRITZ,

                          Plaintiff,

                                                                CIVIL CASE NO. 06-11149

v.

PHILLIPS SERVICE INDUSTRIES, INC. a     HONORABLE PAUL V. GADOLA
Michigan corporation,                             U.S. DISTRICT COURT

                              Defendant.
_____/

## **ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

Before this Court are the parties' cross-motions for summary judgment, the corresponding responses and replies, Magistrate Judge Komives' February 7, 2008 Report and Recommendation, Defendant's objections to the Report and Recommendation, and the response and reply to these objections. For the reasons stated below, the Court will overrule Defendant's objections and accept and adopt the February 7, 2008 Report and Recommendation as the opinion and order of the Court.

This matter comes before the Court on Plaintiff Daniel Fritz's March 17, 2006 complaint alleging that Defendant Phillips Service Industries, Inc. ("PSI") violated the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. In 2003, Plaintiff underwent surgery on his right knee for which Defendant granted Plaintiff FMLA leave. Plaintiff now claims that the medical condition that led to two days of absence from work at PSI on May 2-3, 2005, was the same condition that formed the basis of Plaintiff's undisputed FMLA leave more than two years earlier. Therefore, Plaintiff asserts that his May 4, 2005 termination due to excessive absences was improper under the FMLA.

*See* 29 C.F.R. § 825.114(a)(2)(i). Defendant disputes whether the May 2-3, 2005 absence was sufficiently related to Plaintiff's previous right knee surgery for the purposes of the FMLA. Furthermore, Defendant challenges whether Plaintiff provided Defendant with sufficient notice that his May 2005 absences were FMLA related absences.

Reviewing the relevant pleadings, Magistrate Judge Komives concluded that genuine issues of material fact remained on each claim and that both motions for summary judgment should be denied. Magistrate Judge Komives found that, for purposes of Plaintiff's FMLA entitlement claim, there was a genuine issue of material fact as to whether the condition responsible for Plaintiff's May 2-3, 2005 incapacity was related to his previous knee condition, a condition for which Plaintiff was granted FMLA leave. Additionally, Magistrate Judge Komives concluded that based upon the available evidence there was a genuine issue of material fact as to whether Plaintiff provided Defendant with sufficient notice of his May 2-3 leave under the FMLA. Finally, because Plaintiff's FMLA retaliation claim rises or falls based upon his entitlement claim, Magistrate Judge Komives concluded that summary judgment in favor of Defendant was not appropriate on the retaliation issue at this time.

Defendant filed objections to the Report and Recommendation on February 22, 2008. Defendant asserts three main objections. First, Defendant argues that the evidence presented by Plaintiff does not raise a genuine issue of material fact "as to whether Plaintiff's May 2005 absences related to the treatment of the same condition as Plaintiff's knee surgery in 2003." *See* Def's Objs, pp. 13-14. Second, Defendant asserts that in denying Plaintiff's 2005 FMLA leave and terminating Plaintiff it was entitled to rely upon a "negative certification," *see Nawrocki v. United Methodist*

*Retirement Communities, Inc.*, 174 Fed. Appx. 334 (6th Cir. 2006), that Plaintiff would not require any continuing treatment more than eight weeks following the 2003 knee surgery. According to Defendant, based upon the alleged "negative certification," it was proper to terminate Plaintiff's employment on May 4, 2005. Finally, Defendant objects to the Magistrate Judge's conclusion that Plaintiff provided Defendant PSI with sufficient notice of his intent to use FMLA leave for the May 2-3 absences. The Court will address each of these objections in turn.

First, Defendant's objection as to whether or not the condition that led to Plaintiff's May 2005 absences was the "same condition" as that underlying his 2003 knee surgery is unfounded. In May of 2003, while Plaintiff was employed with Defendant, Plaintiff underwent surgery on his right knee. Plaintiff spent several days in the hospital and was totally disabled for the purposes of his job from May until August of 2003. Neither party disputes that for the purposes of the FMLA, Plaintiff's 2003 condition was a "serious health condition" that qualified him for leave under the Act for the 2003 absences.

The affidavit of Dr. Finch, along with Plaintiff's medical records of May 2005, support the conclusion that there exists a genuine issue of material fact as to whether the May 2005 condition was the "same condition" as the May 2003 condition for which Plaintiff was granted FMLA leave. In particular, Dr. Finch's affidavit states in relevant part, "Mr. Fritz suffers from osteoarthritis of his right knee. . . On May 2, 2005, Mr. Fritz' osteoarthritis in his right knee acted-up, and precluded him from working at his job on May 2, 2005 and May 3, 2005. . . . *This condition* which precluded Mr. Fritz from working on May 2, 2005 and May 3, 2005 *was related to the right knee condition* for which he had previously undergone surgery on *May 27, 2003*." Aff. Finch, ¶¶ 2, 7-9 (emphasis

added). This provides at least some evidence that Planitiff's May 2-3, 2005 absence was due to the "same condition" as that for which Plaintiff was granted FMLA leave in 2003. Additionally, the medical records demonstrate that Plaintiff's May 2005 knee surgery, surgery that occurred after Plaintiff's termination but that was scheduled and brought to Defendant's attention before the termination, was to remove a metal plate that had been inserted during the 2003 surgery. Although neither of these facts conclusively establish that the same condition underlies both absences, when taken together and in viewed in a light most favorable to the non-moving Plaintiff, the facts create a genuine issue of material fact as to whether the May 2005 absences were due to the "same condition" as was Plaintiff's May 2003 FMLA leave.

Turning to Defendant's next argument, Defendant asserts that "because Plaintiff's 2003 FMLA request form contained no reference whatsoever to any continuing treatment more than eight weeks following the procedure, PSI was entitled to rely upon that 'negative certification' in denying Plaintiff's FMLA leave." *See* Def's Objs, pp. 15. Defendant's argument on this "negative certification" issue, both in the original motion for summary judgment and the objections to the Magistrate Judge's Report, is not well developed and ultimately is not persuasive on the Court. Defendant cites *Nawrocki v. United Methodist Retirement Communities, Inc.*, 174 Fed. Appx. 334, 338 (6th Cir. 2006), in support of its argument. However, the present case is readily distinguishable from *Nawrocki*.

In the unpublished case of *Nawrocki*, the plaintiff suffered from a ear condition and requested FMLA time off from her employer. The documentation provided by the employee's health care provider described her condition in detail but indicated that it was not necessary for

4

plaintiff to miss any work due to the condition. Thus, the employer was provided a "negative certification" that the employee was not entitled to any FMLA leave. The employer, relying on the health care provider's explicit certification that leave was not necessary at all, denied the plaintiff's FMLA request. The employee was eventually terminated due to excessive absences and tardiness. The employee then sued the employer for violating her rights under the FMLA. The Court concluded that although the employee's condition was a "serious health condition," the employer properly relied upon the health care provider's explicit "negative certification" that the employee did not need to be absent from work due to the condition. Thus, the "negative certification" principle has been applied when the medical certification affirmatively states that despite the employee's recognized medical condition, the employee is not required to miss any work due to the condition. *See Nawrocki*, 174 Fed. Appx. at 338; *Stoops v. One Call Communications, Inc.*, 141 F.3d 309, 311 (7th Cir. 1998). *Cf. Stevenson v. Hyre Elec. Co.*, 505 F.3d 720 (7th Cir. 2007)(finding that an inconclusive medical statement is not a "negative certification" because it was not an "affirmative statement" indicating that the employee was not incapacitated for purposes of FMLA leave).

However, in the present case, Defendant is not seeking to rely upon any affirmative statement that Plaintiff's condition does not require the disputed time off. Indeed, the certification at issue indicates that Plaintiff *did* need time off from work due to his condition. The certification states that Plaintiff needed eight weeks of leave following his 2003 surgery. Defendant's effort to rely on the absence of any certification for need beyond the eight weeks post-surgery leave to deny Plaintiff's two days of leave now in dispute would vastly expand the present interpretation of the

5

"negative certification" principle beyond its logical boundaries. The absence of any certification that Plaintiff would require leave beyond the initial eight-week recovery period is not equivalent to an explicit certification that Plaintiff did not require any absence from work due to his condition. Defendant's attempted expansion of the "negative certification" principle is not supported by existing case law or statute. Therefore, Defendant's objection in this regard will be rejected.

Finally, the Court has also considered Defendant's third objection to the Report and Recommendation and finds that it should be rejected as well. Defendant objects to the Magistrate Judge's conclusion that it is not entitled to summary judgment based upon the alleged inadequacy of Plaintiff's notice regarding the use of FMLA leave. Defendant asserts that it is unreasonable to conclude that PSI should have known that the two events, the 2003 FMLA qualifying surgery and the May 2-3, 2005 absences, were related to the same condition.

When considering whether proper notice was provided to an employer, "An employee does not have to expressly assert his right to take leave as a right under the FMLA." *Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 450 (6th Cir. 1999)(citing *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 761 (5th Cir. 1995)). Furthermore, "Once an employer is given notice that an employee is requesting leave for a FMLA-qualifying reason, the employer bears the obligation to collect any additional information necessary to make the leave comply with the requirements of the FMLA." *Hammon*, 165 F.3d at 450. *See also Spangler v. Federal Home Loan Bank of Des Moines*, 278 F.3d 847 (8th Cir. 2002)("When an employee provides the employer with notice that she may be in need of FMLA leave . . . it then becomes the employer's duty to determine whether or not the employee actually requires FMLA leave if there is some doubt as to whether or not the request

would qualify.")

Judge Cohn of this District has aptly summarized:

> Once the employee communicates that leave is needed, "[t]he burden then shifts to the employer to determine whether leave was sought under the Act and to obtain any additional information." *Sahadi v. Per Se Technologies, Inc*. 280 F. Supp. 2d 289, 298 (E.D. Mich. 2003). If the employer lacks sufficient information about the employee's reasons for taking leave, the employer has the duty to inquire further to ascertain whether the leave is potentially FMLA-qualifying. *Cavin* 346 F.3d at 726; *Sadhad*i 280 F. Supp. 2d at 698. Moreover, where the employer has prior knowledge of the plaintiff-employee's serious health condition, there is a burden on the employer to inquire further whenever the employee calls in sick for medical reasons to determine if those reasons were FMLA-qualifying. *Miller v. GB Sales & Service, Inc.*, 275 F. Supp. 2d 823, 829 (E.D. Mich. 2003) (J. Edmunds) (emphasis added).

*McLaughlin v. Innovative Logistics Group, Inc.*, No. 05-72305, 2007 WL 313531, at *5 (E.D. Mich. Jan 30, 2007)(Cohn, J.).

It is undisputed that in the present case Plaintiff indicated to his PSI supervisor that Plaintiff was in severe pain, and that Plaintiff could barely walk, and was ultimately was unable to work on May 2, 2005 due to a flare-up in his right knee. Pl's Resp. to Def's Objs., Ex. J. Defendant admits that when Plaintiff called to report his absence, Plaintiff indicated he was unable to work due to his "knee condition." *Id.*, Ex. F., ¶ 11. It is also undisputed that Defendant previously granted Plaintiff FMLA leave for his 2003 surgery on his right knee. Additionally, Defendant was aware that Plaintiff was scheduled to undergo yet another surgery on his right knee on May 24, 2005. Therefore, Defendant PSI was clearly on notice that Plaintiff had a serious health condition related to his right knee. *See McLaughlin*, 2007 WL 313531, at *5. Thus, given the available information, the burden should have shifted to Defendant to inquire further regarding Plaintiff's reasons for

7

taking leave. *See Cavin* 346 F.3d at 726; *Sadhadi*, 280 F. Supp. 2d at 698.

Even though, based upon the facts presented by Plaintiff, Defendant had a burden to inquire further regarding the nature of Plaintiff's leave, when Plaintiff returned to work on May 4, 2005, he was immediately fired. Defendant fired Plaintiff despite the fact that Plaintiff allegedly provided Defendant with a note from his physician regarding the reasons for his two-day absence. The note, now missing from Defendant's records, allegedly indicated Plaintiff had been disabled from working the previous two days due to his knee condition. Defendant's own Director of Human Resources admitted that had he received the now missing note, it would have most likely resulted in Plaintiff being protected under the FMLA for the two day absence. Nevertheless, despite receiving the apparent notice regarding Plaintiff's basis for taking FMLA leave for this condition, Defendant failed to make any inquiry.

Given these facts, the Court concludes that the Report and Recommendation properly determined that Defendant was not entitled to summary judgment on the basis that Plaintiff did not provide Defendant with sufficient notice of his FMLA leave for the May 2-3, 2005 absences. Based upon the facts taken in a light most favorable to the non-moving Plaintiff on this issue, there is a genuine issue of material fact as to whether Plaintiff provided proper notice to Defendant for the purposes of the FMLA.

**ACCORDINGLY**, for all the foregoing reasons, **IT IS HEREBY ORDERED** that

Defendant's objections to the February 2, 2008 Report and Recommendation of Magistrate Judge Paul Komives are overruled and the Report and Recommendation [docket entry #38], is accepted and adopted as the opinion and order of the Court.

**IT IS FURTHER ORDERED** that the cross motions for summary judgment [docket entries #24 and 26] are denied.

**SO ORDERED.**

Dated:  May 12, 2008                                                s/Paul V. Gadola
                                                                                  HONORABLE PAUL V. GADOLA
                                                                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   May 12, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
            Robert C. Ludolph; Joey S. Niskar; James D. VandeWyngearde           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                      .

                                                                                  s/Ruth A. Brissaud
                                                                                  Ruth A. Brissaud, Case Manager
                                                                                  (810) 341-7845